Bissell, J.,
delivered the opinion of the court.
For some years Mowbray, the plaintiff in error, was the owner of some land in Gunnison county contiguous to the Gunnison river. In 1881 he conveyed to the Denver & Rio Grande Railroad for track purposes a strip of land along the banks of the stream. In the construction of its road the company made quite an extensive fill, which shut off the low lands belonging to Mowbray from the line of the stream. Much of the land which belonged to plaintiff was bottom land, and situate below a very considerable mesa which formed one of its boundaries. The property was not far from the range of mountains, and naturally subject to periodical overflows from the melting of the snows in the spring. High waters had dug for themselves numerous water ways through which the surplus was wont to discharge itself, and find its way into the river below. When the road was built it shut off these gulches and forced the water down along the embankment. To protect it the company was compelled to cut or construct culverts and water ways. The result was that the high waters flowed through these sluices or culverts, and were discharged broadcast over these lands, carrying in their course large quantities of sand, small stones and débris, to Mowbray’s great damage. According to the complaint, some time in 1884 the railway company passed into the hands of a receiver, W. S. Jackson, during whose administration the .acts complained of were done. After-wards, and in the foreclosure suit in which the receiver was appointed, a sale was made of the property of the corporation and it passed, with all of its appurtenances, to a new corporation called The Denver & Rio Grande Railroad Company. The plaintiff endeavored to charge the railroad company with the responsibility for the acts of the receiver, on, the basis of the decree of foreclosure under which the latter *130 corporation took title. It might be necessary to construe that decree as well as to settle the right to recover, which is disputed on another basis, if the case had been brought here in such a way as to call for the adjudication. This has not been done, and the case will be disposed of on a very narrow proposition.
The company demurred to the complaint and the demurrer was sustained. Neither from the abstract, nor from the record, does it appear that any judgment was ever entered after the demurrer was sustained, nor on the ruling made to that end. The only thing resembling a judgment appearing in either is the following: “ Now on this day the court having heretofore heard and taken under advisement the demurrer of the defendant herein to the amended complaint of plaintiff, and now haying considered said demurrer and being fully advised in the premises, it is ordered that said demurrer be and the same is hereby sustained, and the plaintiff by his counsel thereupon elected to stand by his complaint and excepted to the ruling of the court in sustaining said demurrer, and upon application four months are allowed plaintiff in which to file bill of exceptions and bond, fixed in the sum of $250, to be approved by the- clerk.” No appeal can be taken or writ of error prosecuted except to a final judgment. This is true under the statutes of the state, and under the law as it has always existed. This is so well settled by an unbroken series of adjudications, both here' and elsewhere,- that authorities need scarcely be cited in support of the proposition. This court had occasion to apply the rule at the present term in the case of J. J. Hagerman et al. v. Charles J. Moore, ante, p. 83. It would not be useful to repeat the law, or cite the authorities which are contained in that opinion. It is enough to say that this entry is neither in form nor in' substance such a final judgment as will sustain the right to a writ of error.
' Under these circumstances the plaintiff in error is entitled to bo review of the various errors which he has assigned. The appeal will be dismissed.
- Dismissed.